UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAN KONOPCA, | |
| Plaintiff, | Civil Action No. 15-5340 (FLW)(DEA) |
| v. | **MEMORANDUM OPINION AND ORDER** |
| CENTER FOR EXCELLENCE IN HIGHER EDUCATION, INC., et al. | |
| Defendants. | |

This matter comes before the Court on a motion [ECF No. 21] by defendants Center for Excellence in Higher Education, Inc., Independence University, and Stevens-Henager College ("Defendants") to stay this case pending appeal of a recent FCC declaratory ruling, *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 30 FCC Rcd. 7961 (F.C.C. 2015) (the "FCC Ruling"). Plaintiff has opposed the motion. For the reasons below, the Court denies the motion.

**I. Background**

Plaintiff Jan Konopca brings this action under the Telephone Consumer Protection Act, 47 U.S.C. 227 ("TCPA"), based on telephone calls he alleges were made to his cell phone in July 2011. Amended Compl. ¶ 19. Plaintiff contends that he never gave his prior express permission to be called. Amended Compl. ¶ 21. Defendants, while acknowledging calls were placed to Plaintiff's cell phone number, contend that they were given prior express consent to make those calls, albeit allegedly from a third party purporting to own that phone number.

On July 10, 2015, the FCC issued a 138-page Omnibus Declaratory Ruling and Order that addressed a number of petitions seeking clarification of a wide range of issues arising under

the TCPA, including, as relevant here, whether the statutory term "called party" refers to intended or unintended recipients of calls. *See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 30 FCC Rcd. 7961. The FCC found that the term "called party" refers to the "subscriber, *i.e.*, the consumer assigned the telephone number dialed and billed for the call, or the non-subscriber customary user of a telephone number included in a family or business calling plan", *id.* ¶ 73, and clarified that "the TCPA requires the consent not of the intended recipient of a call, but of the current subscriber (or non-subscriber customary user of the phone)", *id.* ¶ 72.

      Two of the five Commissioners, however, dissented on this issue. As to the meaning of "called party," one dissenting Commissioner felt that the majority's reading would inject a strict liability standard into the TCPA. He asserted that the FCC should interpret the words of the statute to make clear that "prior express consent of the called party" means the prior express consent *of the party the caller expects to reach. Id.*, Dissenting Statement of Commissioner Pai at 10. A second dissenting Commissioner similarly believed that the majority had rejected a "commonsense approach [that] would have allowed a company to reasonably rely on consent obtained for a particular number." *Id.*, Dissenting Statement of Commissioner O'Rielly.

      The FCC Ruling also addressed the related issue of "reassigned" telephone numbers and particularly how, assuming that the called party is not the "intended called party," the caller is ever to learn of that fact. *See* Declaratory Ruling and Order at 8006-07 ¶ 85. Defendants contend that this is relevant to the question in the instant case of whether and when Defendants should have known that it did not have permission to call Plaintiff.

      Following the FCC's decision, a number of organizations filed petitions for review. On July 24, 2015, the Judicial Panel on Multidistrict Litigation centralized the petitions for review in

the D.C. Circuit.  *See ACA Int'l v. Fed. Commc'ns Comm'n*, No. 15-1211 (D.C. Cir.).  A review of the Court of Appeals docket shows that oral argument has been scheduled for October 19, 2016.

## II.  Legal Standard

It is well-established that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* at 254-55.  In considering whether a stay is appropriate, the Court examines a number of factors, including (1) whether the proposed stay would prejudice the non-moving party, (2) whether the proponent of the stay would suffer a hardship or inequity if forced to proceed and (3) whether granting the stay would further the interest of judicial economy.  *See id.*; *Ford Motor Credit Co. v. Chiorazzo*, 529 F.Supp.2d 535, 542 (D.N.J. 2008).  In deciding a motion to stay, the Court must be mindful of the fact that "[t]he stay of a civil proceeding is an extraordinary remedy."  *S. Freedman and Co. Inc. v. Raab*, Civ. No. 06-3723, 2008 WL 4534069, *2 (D.N.J. Oct. 6, 2008).  The party seeking a stay of civil litigation bears the burden to show that the stay would be appropriate.  *Landis*, 299 U.S. at 255.

## III.  Analysis

The first factor the Court considers is whether a stay would unduly prejudice the Plaintiff. Here, if a stay is granted, there is the potential for a lengthy delay, as it is uncertain when the D.C. Circuit will issue a ruling.  "Because delay results inherently from the issuance of a stay, courts have found that mere delay does not, without more, necessitate a finding of undue prejudice and clear tactical disadvantage."  *Nussbaum v. Diversified Consultants, Inc.*, No. 15-

600, 2015 WL 5707147, at *2 (D.N.J. Sept. 28, 2015) (quotations omitted). However, the delay here could be substantial. As noted by one court in addressing a motion similar to the instant motion,

> the D.C. Circuit is unlikely to be the final step in the litigation over the FCC's 2015 Omnibus Order. Whichever party is unsuccessful in that court is almost certain to appeal to the Supreme Court. Thus, even the most optimistic estimate of the time required for a decision from the D.C. Circuit significantly understates both the delay a stay might engender and the concomitant prejudice to Plaintiff.

*Lathrop v. Uber Techs., Inc.*, No. 14-CV-05678-JST, 2016 WL 97511, at *4 (N.D. Cal. Jan. 8, 2016); *see also Elikman v. Sirius XM Radio, Inc.*, No. 15-2093, 2015 U.S. Dist. LEXIS 171769 at *6-7 (N.D. Ill. December 21, 2015) ("Staying the case pending the D.C. Circuit's review would also subject [Plaintiff] to the inequity of indefinite delay, as it is unknown when the D.C. Circuit will rule."). Thus, this factor weighs against staying this case.

Second, the Court considers whether Defendants would suffer a hardship or inequity if forced to proceed. As to this factor, Defendants argue that a stay promotes "simplification and basic fairness." ECF No. 23 at 6. In particular, Defendants argue that "absent a stay, questions will arise as to the deference due to the [FCC Ruling] that may not need to be answered once the D.C. Circuit rules. Fairness to Defendants and judicial economy dictate that this Court wait for the outcome of the *ACA Int'l* appeal to see whether the [FCC Ruling] will survive the appeal process." *Id.* The Court finds, however, this argument to be more relevant to the third factor. The Defendants simply have not sufficiently identified a genuine hardship or inequity and, therefore, the Court finds that this second factor weighs against staying this case.

Third, the Court considers whether the stay would further the interest of judicial economy. At this stage of the litigation, the parties are presently engaged in discovery. Although the decision in *ACA Int'l* appeal could potentially clarify certain issues of law, factual

4

issues will remain.  Consequently, regardless of the D.C. Circuit's eventual ruling, it will still be necessary for the parties to obtain discovery on the facts of this case.  Discovery should proceed, therefore, even in light of the pending appeal.  Thus, the Court finds that this factor weighs against entering a stay.

## IV.  Conclusion and Order

The Court has examined the relevant considerations and, as set forth above, concludes that the "extraordinary remedy" of a stay of these proceedings is not warranted.  Accordingly,

**IT IS** on this 6th day of September 2016,

**ORDERED** that the motion to stay this case [ECF No. 21] is hereby DENIED.

/s/ Douglas E. Arpert
DOUGLAS E. ARPERT
United States Magistrate Judge